**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WIN MYO HTET, | No. 07-71736 |
| Petitioner, | Agency No. A078-642-260 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

| | |
|---|---|
| WIN MYO HTET, | No. 08-74672 |
| Petitioner, | Agency No. A078-642-260 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

---

&ast;     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Submitted February 17, 2011[**]
San Francisco, California

Before:    TALLMAN and CALLAHAN, Circuit Judges, and CONLON, District Judge.[***]

In these consolidated petitions for review, Win Myo Htet, a native and citizen of Burma, petitions for review of the orders of the Board of Immigration Appeals ("BIA") dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"), and denying his motion to reopen. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility finding, *Rivera v. Mukasey*, 508 F.3d 1271, 1274 (9th Cir. 2007), and we review for abuse of discretion the denial of a motion to reopen, *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny the petitions for review.

Substantial evidence supports the agency's adverse credibility finding based on the omission from Htet's asylum application of his arrest, beating, and interrogation by the Burmese authorities. *See Alvarez-Santos v. INS*, 332 F.3d

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Suzanne B. Conlon, United States District Judge for the Northern District of Illinois, sitting by designation.

1245, 1254 (9th Cir. 2003) (petitioner's omission of a "dramatic pivotal event" from his asylum application supports adverse credibility determination). The agency reasonably rejected Htet's explanations for the omission. *See Rivera*, 508 F.3d at 1275. In the absence of credible testimony, Htet failed to demonstrate eligibility for asylum or withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Htet's CAT claim is based on testimony the agency found not credible, and no other evidence in the record compels a finding that it is more likely than not he would be tortured if he returned to Burma, his CAT claim also fails. *See id*. at 1156-57.

The BIA did not abuse its discretion in denying Htet's motion to reopen because it was untimely, *see* 8 C.F.R. § 1003.2(c)(2), and Htet failed to demonstrate changed country conditions sufficient to qualify for the regulatory exception to the time limit for filing motions to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Toufighi v. Mukasey*, 538 F.3d 988, 996-97 (9th Cir. 2008) (evidence must demonstrate prima facie eligibility for relief); *Najmabadi*, 597 F.3d at 991 (change in personal circumstances does not qualify as change in country conditions). Finally, we reject Htet's contention that, because the BIA

granted a motion to reopen in a subsequent case, the BIA abused its discretion in denying his motion to reopen.

**PETITIONS FOR REVIEW DENIED.**